IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**HAROLD M. BILLITER,**

    Petitioner,

v.	CIVIL ACTION NO.: 3:17-CV-22
	(GROH)

**RALPH TERRY,**

    Respondent.

**ORDER OVERRULING OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge James P. Mazzone. Pursuant to the Local Rules, this action was referred to Magistrate Judge Mazzone for submission of an R&R. Magistrate Judge Mazzone issued his R&R on July 15, 2021. ECF No. 57. Therein, Magistrate Judge Mazzone recommends that this Court dismiss with prejudice the Petitioner's 28 U.S.C. § 2254 Petition. The Petitioner filed objections to the R&R on April 25, 2022, [ECF No. 90] which was timely under the extended deadline set by this Court [ECF No. 88]. Accordingly, the R&R and Petition are ripe for review.

**I.	BACKGROUND**

On March 8, 2017, Harold M. Billiter ("Petitioner"), filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. ECF No. 1. The Petitioner is currently a State prisoner incarcerated in the Mount Olive Correctional Complex in Mount Olive, West Virginia. On December 7, 2010, the Petitioner was found

guilty by a jury in the Harrison County Circuit Court, West Virginia, of one count of sexual assault in the first degree and one count of sexual abuse by a parent, guardian or person in a position of trust to a child.  ECF Nos. 19-4, 19-5.  On May 18, 2011, the Harrison County Circuit Court sentenced the Petitioner to not less than twenty-five (25) nor more than one hundred (100) years for his conviction for first degree sexual assault and to not less than ten (10) nor more than twenty (20) years for his conviction for sexual abuse by a parent, guardian, custodian, or person in a position of trust to a child.  ECF Nos. 19-5, 19-6.

In his petition, the Petitioner asserts four grounds for relief: (1) the Circuit Court violated his Fifth and Fourteenth Amendment rights by allowing a witness for the state to be present in the courtroom while her daughter, the alleged victim, testified, (2) the Circuit Court violated his Fifth and Fourteenth Amendment rights when it admitted photographs and corresponding testimony without sufficient authentication or relevance, (3) the Circuit Court violated his Fifth and Fourteenth Amendment rights when it sustained the State's objections to the Petitioner's questioning during examination of two witnesses and (4) the Circuit Court violated his Fifth and Fourteenth Amendment rights by upholding the jury verdict because the alleged victim was inherently unbelievable and her testimony was insufficient to support the jury's verdict.

Upon examination of the record, the Court finds that the background facts and procedural history as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims.  Indeed, in his objections to the R&R, the Petitioner concedes to the procedural history as outlined in the R&R.  ECF No. 90 at 1.  For ease of review, the Court incorporates those facts herein.

Magistrate Judge Mazzone entered the R&R in this matter on July 15, 2021. ECF No. 57. Therein, Magistrate Judge Mazzone recommends that this Court dismiss with prejudice the Petitioner's 28 U.S.C. § 2254 Petition. In particular, the magistrate found that the Petitioner failed to prove that any of the state court decisions were contrary to, or involved an unreasonable application of, clearly established Federal law or were based on an unreasonable determination of the facts in light of the evidence presented. Additionally, Magistrate Judge Mazzone further recommended that the Respondent's Motion to Dismiss based on failure to exhaust [ECF No. 20] be terminated as moot.

After the submission of the R&R, the Petitioner was granted six extensions for his deadline to file objections to the R&R, culminating in a final deadline of April 21, 2022. ECF Nos. 63, 69, 78, 81, 84, 88. The Court received the Petitioner's objections on April 25, 2022, but the Court notes that the objections were postmarked on April 21, 2022, and thus timely filed. ECF Nos. 90, 90-1. Accordingly, the R&R and Petition are ripe for review.

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91,

94 (4th Cir. 1984). Pursuant to this Court's Local Rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The Local Rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W.Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by

4

legal authority, [are] not sufficient." Id. at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III.    LEGAL ANALYSIS

Upon review of all the filings in this matter, the Court finds that the Petitioner has presented no new material facts or arguments in his six objections to the magistrate judge's R&R. The Petitioner's objections largely reiterate similar arguments already presented throughout this litigation. Indeed, in the Petitioner's second, fourth and fifth objections, the Petitioner does not respond to, or even acknowledge, any finding articulated in the R&R.

In his first objection, the Petitioner takes issue with the R&R's finding that the "West Virginia Supreme Court of Appeals decision addressed all of Petitioner's raised grounds and affirmed Petitioner's conviction and sentence." ECF No. 57 at 10. The Petitioner argues that the West Virginia Supreme Court of Appeals (WVSCA) did not address any of his claims because, in their decision, the WVSCA opined that "we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignments of error." ECF No. 19-23 at 4. The Petitioner believes that this language implies that the WVSCA did not read the briefs or underlying decision and adopted the Circuit Court's order blindly. Upon review of the WVSCA's memorandum opinion, in full,

[ECF No. 19-23], the Court finds that this is not the case. On the first page of its decision, the WVSCA states "This Court has considered the parties' briefs and the record on appeal." ECF No. 19-23 at 1. Further, later in its opinion, the WVSCA described the three-prong standard of review used to analyze appeals from circuit court orders denying habeas corpus relief. Therefore, the Court finds that the R&R properly stated that the WVSCA did address all of the grounds raised by the Petitioner in his state habeas case. Accordingly, to the extent that the Petitioner objects to the magistrate's characterization of the WVSCA's opinion, his objection is **OVERRULED**.

In his third objection, the Petitioner largely reiterates his argument that the Circuit Court erred when sustaining the State's objections to the Petitioner's questioning of two witnesses. The Petitioner again claims that the WVSCA erred by adopting the lower court's ruling without "reviewing the Petitioner's grounds and elaborating on them individually." ECF No. 90 at 5. Again, the Court finds that this is not an accurate description of the WVSCA's decision. Moreover, the Petitioner makes no reference to any finding of the R&R in this objection. Accordingly, to the extent that the Petitioner objects to the magistrate's characterization of the WVSCA's opinion, his objection is **OVERRULED**.

Lastly, the Petitioner's sixth objection presents a brief argument that the Circuit Court improperly instructed the jury as it pertained to his charge of sexual assault in the first degree. The Petitioner refers to Exhibit A, but there are no exhibits attached to his objections. However, included at the conclusion of the Petitioner's objections is a partial letter, labeled confidential and privileged attorney-client communication, between the

Petitioner and attorney with an unspecified role in the Petitioner's case.[1] Regardless, as previously noted by this Court, the Petitioner waived his argument regarding erroneous jury instructions in state court. Harold B. v. Ames, No. 19-0524, 2020 WL 5240400, at *3-*4 (W. Va. Sept. 3, 2020) ("Habeas counsel further confirmed, for the second time, that petitioner was waiving the argument that the jury instructions were erroneous. Petitioner responded, 'Correct.'"). Accordingly, the Petitioner's objection regarding his claim of an erroneous jury instruction is **OVERRULED**.

The Petitioner's remaining three objections repeat the same arguments presented in the Petitioner's initial petition, without reference to the R&R. Because the Petitioner presents no new legal arguments, the Court will review the remainder of the R&R for clear error only. See Taylor, 32 F. Supp. 3d at 260-61 (holding that "when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review"). "Clear error is a very deferential standard of review." Walsh v. Vinoskey, 19 F.4th 672, 677 (4th Cir. 2021). "A factual finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Id. (quoting HSBC Bank USA v. F & M Bank N. Virginia, 246 F.3d 335, 338 (4th Cir. 2001)). Upon review of the record, the Court finds no clear error.

### IV. CONCLUSION

Accordingly, finding that Magistrate Judge Mazzone's R&R carefully considers the

---

[1] The Petitioner attached only the first page of a letter from an attorney, wherein the author states "I don't represent you in your federal habeas case." ECF No. 90 at 12.

record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Mazzone's Report and Recommendation [ECF No. 57] should be, and is, hereby **ORDERED ADOPTED.**  For the reasons more fully stated in the R&R, the Petitioner's § 2254 Petition is **DISMISSED WITH PREJUDICE**.  ECF No. 1.  The Court **FURTHER ORDERS** that the Respondent's Motion to Dismiss, based on failure to exhaust, [ECF No. 20] be **TERMINATED** as **MOOT**.

This case is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record and the *pro se* Petitioner, by certified mail, at his last known address as reflected upon the docket sheet.

**DATED:** August 1, 2022

GINA M. GROH
UNITED STATES DISTRICT JUDGE